UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BLINSTRUB,

                        Plaintiff,

                                           CIVIL CASE NO. 06-10743

v.

UNITED STATES OF AMERICA,          HONORABLE PAUL V. GADOLA
                                                         U.S. DISTRICT COURT
                        Defendant.
_____/

**ORDER**

      This matter comes before the Court on Defendant's motion to dismiss. Defendant argues that, pursuant to statutory authority, this Court does not have jurisdiction to hear this matter. The Court agrees.

      On December 26, 1988, the Internal Revenue Service ("IRS") assessed a tax deficiency against Plaintiff Robert Blinstrub ("Plaintiff," or "Blinstrub,"). That assessment was reduced to a judgment in favor of the Government on October 4, 1991. *Kinnie v. United States*, 771 F.Supp. 842, 852-55 (E.D. Mich. 1991)(Gadola, J.). Blinstrub filed an offer of compromise that was rejected by the IRS on April 5, 2002. Next, the IRS sent Plaintiff a Notice of Intent to Levy on June 18, 2005. Plaintiff asked for a Collection Due Process hearing, pursuant to 29 U.S.C. §§ 6320, 6330, on July 14, 2005. At the hearing, it is alleged that Plaintiff argued that the administrative lien and the assessment was time barred and therefore his outstanding liability was no longer enforceable.

Plaintiff was notified that his claims were denied in the Notice of Determination, issued on January 18, 2006. The Notice indicates, in relevant part, "Jeffrey A. Robbins [Plaintiff's power of attorney representative] questioned the expiration of the statute of limitations for collection of the assessment made against you for the trust fund recovery penalty. . . . A judgment in this matter was granted against [Blinstrub] and in favor of the United States of America . . . on October 4, 1991." Compl., Ex. A, p. 3. The Notice continued, "You disputed the liability due to the expiration of the statute of limitations with respect to the collection of taxes. . . . It was explained to you that the IRS assessed a Trust Fund Recovery Penalty due to unpaid payroll taxes. You were informed of a judgment filed against you . . . . Pursuant to 28 U.S.C Section 3201, the Collection statute expires 20 years from the date the judgment was entered. The Offer in Compromise you filed added additional time to the 20 year extension." *Id*., pp. 5-6. After receiving the Notice, Plaintiff filed his complaint on February 17, 2006, appealing the Collection Due Process hearing and the resultant Notice of Determination.

In its motion to dismiss, Defendant argues that, under 26 U.S.C. § 6330(c)(2)(B), a taxpayer can only challenge his tax liability at a Collection Due Process proceeding if he did not have a previous opportunity to do so. In the instant matter, Plaintiff previously challenged his tax liability and lost, resulting in a judgment in favor of the Government and against the Plaintiff. *See* Kinnie, 771 F.Supp. 842.

"Because federal judges are not subject to direct check by any other branch of government-because the only restraint on our exercise of power is self-restraint-we must make every reasonable effort to confine ourselves to the exercise of those powers that the Constitution and

Congress have given us." *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).   When Congress has not expressly waived the United States' sovereign immunity, federal courts cannot exercise jurisdiction over claims brought against it.  *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir.1998).  Furthermore, when discerning the scope of any expressed grant of waiver, that waiver must be strictly construed in favor of the sovereign.  *Orff v. United States*, 545 U.S. 596, 601-602 (2005)(citations omitted). In the instant case, although Plaintiff raises interesting issues surrounding his liability, the Court finds that it lacks jurisdiction to adjudicate this matter.

A taxpayer's right to a collection due process hearing before a levy is governed by statute. *See* 26 U.S.C. § 6330.  Before a levy is made for an outstanding tax liability, the taxpayer is provided the right to a fair hearing.  *Id.* § 6330(b).  However, the right to raise certain issues at that hearing is proscribed.  *Id.* § 6330(c).  In particular, a person may raise "challenges *to the existence or amount of the underlying tax liability for any tax period if the person did not . . . otherwise have an opportunity to dispute such tax liability*."  *Id.* § 6330(c)(2)(B).  It naturally follows that if a person did have an opportunity to dispute the tax liability, the existence of the liability cannot be raised at the hearing.

A review of Plaintiff's complaint reveals that Plaintiff undoubtedly seeks judicial review of the Collection Due Process hearing and Notice of Determination decision.  Pl's Compl., pp. 1-2 ("This is an action for redetermination of Defendant's decision . . . from the proposed collection action. . . ."). *See also* 26 U.S.C. § 6330(d) (providing for judicial review of the determination if judicial action is filed within 30 days of the determination).  In particular, Plaintiff asks this Court

3

to review the continued existence of his tax liability stemming from the unpaid employment taxes.[1] However, because Plaintiff previously challenged his liability in this Court, *see Kinnie v. United States*, 771 F.Supp. 842 (E.D. Mich. 1991), Plaintiff was not allowed to raise the issue of the existence of his liability at the Collections Due Process hearing. 26 U.S.C. § 6330(c)(2)(B). Therefore, "because judicial review under § 6330 is limited to issues *properly raised* during the collection due process hearing," this Court lacks jurisdiction to review the merits of Plaintiff's underlying tax liability. *Pelliccio v. United States*, 253 F. Supp. 2d 258, 262 (D. Conn. 2003)(emphasis added). Furthermore, the fact that the IRS actually allowed Plaintiff to raise the liability issue at the Collections Due Process hearing, despite his previous challenge to the liability, does not expand this Court's statutory jurisdiction to now hear the issue. *Id.*

In the instant case, although Plaintiff previously challenged his tax liability in a proceeding in this Court, *see Kinnie,* 771 F.Supp. 842, he nevertheless sought to challenge his liability in a subsequent collection due process hearing. Thus, he raised an issue that is expressly forbidden under the circumstances. *See* 26 U.S.C. § 6330(c)(2)(B). This Court only has authority to consider issues properly raised in the hearing. *Pelliccio*, 253 F. Supp. 2d at 262. Therefore, construing the United States' waiver of immunity narrowly, *Reed*, 146 F.3d at 398, the Court finds that it is without

---

[1] To the extent that Plaintiff makes any argument that he is not seeking judicial review of the *existence of his liability* for the taxes, that argument is belied by his suggested standard of review. Plaintiff suggests that the appropriate standard of review in this case is *de novo* review, and cites *Living Care Alternatives of Utica v. United States*, 411 F.3d 621 (6th Cir. 2005), for that proposition. In *Living Care Alternatives*, however, the Court expressly held that challenges to determinations about the *underlying tax liability* were to be reviewed *de novo* and all other decisions must be reviewed under the abuse of discretion review standard. *Id.* at 625. Therefore, Plaintiff's suggested standard of review implicitly suggests that he is, in fact, challenging the existence of the underlying tax liability.

jurisdiction to review the matter.  *Wisconsin Knife Works*, 781 F.2d at 1282.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to dismiss [docket entry #2] is granted.

It is further ordered that this cause of action is **DISMISSED** for lack of jurisdiction.

**SO ORDERED.**

Dated:   March 30, 2007            s/Paul V. Gadola
                                   HONORABLE PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 3, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                      James E. Brown; Robert W. Haviland; Simon J. Hill                 , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                         .

                                   s/Ruth A. Brissaud
                                   Ruth A. Brissaud, Case Manager
                                   (810) 341-7845